UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER K. NAIFEH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CV-13-1259 |
| | ) | JURY DEMANDED |
| REELFOOT LAKE REGIONAL UTILITY AND PLANNING DISTRICT, TIM BUNCH, in his individual and official capacity as Chairman of the Board of Reelfoot Lake Regional Utility and Planning District, JEAN TITTLE, HAZLEEN GRIMES, and WAYNE HATLEY in their individual and official capacities as members of the Board of Directors of Reelfoot Lake Regional Utility and Planning District, | ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT

I. JURISDICTION AND VENUE

1.      This is an action for damages, declaratory and injunctive relief both preliminary and permanent, to redress the violation of rights secured by the First Amendment to the United States Constitution. Jurisdiction is invoked pursuant to 42 U.S.C. § 1983, 1988 and 28 U.S.C.§ 1331. Declaratory injunctive relief is authorized pursuant to 28 U.S.C. § 2201 and 2202. Plaintiff further invokes the pendent jurisdiction of this Court to hear and determine claims arising under state law, including T.C.A.§50-1-304 of the Tennessee Whistleblower Protection Statute, T.C.A. §8-50-60, the Tennessee Public Employee Political Freedom Act of 1980 and Tennessee common law. All of the actions complained of herein occurred in Obion and Lake

Counties, Tennessee within the jurisdiction and venue of this Court.

## II. PARTIES

2. Plaintiff, Christopher K. Naifeh, is a resident of Dyer County, Tennessee, and was employed by the Reelfoot Lake Regional Utility and Planning District as a Manager and was at all times relevant hereto the Defendant Reelfoot Lake Regional Utility and Planning District's "employee" as that term is defined under T.C.A. §50-1-304 (g)(1) and was "public employee" as that term is defined under T.C.A. §8-50-602(b).

3. Defendant, Reelfoot Lake Regional Utility and Planning District (" the District"), is a public utility duly created under the laws of the State of Tennessee, operating in Obion and Lake Counties, Tennessee and was the Plaintiff's "employer" as that term is defined under T.C.A. §50-1-304 (g)(2).  Plaintiff avers that the Defendant Lake Regional Utility and Planning District is vicariously liable for all violations of Plaintiffs' common law and statutory rights by the individually named Defendants and other unnamed employees of the Defendant Lake Regional Utility and Planning District.  Defendant, Lake Regional Utility and Planning District is a person within the meaning of 42 U.S.C.§ 1983 and is subject to suit under said statute and is a "public employer" s that term is used in T.C.A. §8-50-603.

4. Defendant, Tim Bunch, is and at all times relevant hereto the Chairman of the Board of Directors for the Reelfoot Lake Regional Utility and Planning District.  Defendant Bunch along with other members of the Board of Directors of Reelfoot Utility were acting under the color of law, to wit: under color of statutes, charter, and ordinances, regulations, policies, customs and usages of the State of Tennessee; and is a resident of Obion County, Tennessee Defendant Bunch is sued in his individual capacity and in his official capacity as Chairman of the Board of the Reelfoot Lake Regional Utility and Planning District.  Defendant Bunch along with

the other named Defendants was responsible for the policies, practices, and customs of the District as well as the hiring, training, supervision, control, and discipline of its employees, officers, and officials.  Defendant Bunch is a person within the meaning of 42 U.S.C.§ 1983 and is subject to suit under said statute.

5. Defendants Jean Tittle, Hazleen Grimes, and Wayne Hatley are and at all times were members of the Board of Directors of the Reelfoot Lake Regional Utility and Planning District.  Along with Chairman Bunch these Defendants were acting under the color of law, to wit: under color of statutes, charter, and ordinances, regulations, policies, customs and usages of the State of Tennessee; and were residents of Lake and Obion Counties, Tennessee.  Defendants Tittle, Grimes and Hatley are sued in their individual and official capacities as members of the Board of Directors of the Reelfoot Lake Regional Utility and Planning District.  Defendants Tittle, Grimes and Hatley, along with the Defendant Bunch, were responsible for the policies, practices, and customs of the District as well as the hiring, training, supervision, control, and discipline of its employees, officers, and officials.  Defendants Tittle, Grimes and Hatley and Bunch are all persons within the meaning of 42 U.S.C.§ 1983 and are subject to suit under said statute.

### III. STATEMENT OF CLAIMS

6. Plaintiff began his employment as Collections System Manager II for Reelfoot Lake Regional Utility and Planning District on or about December 17, 2007.  Plaintiff avers that he was an exemplary employee and was never subject to any disciplinary actions while employed by the Defendant.

7. Defendant Reelfoot Utility is a public utility district established by Tennessee Public Chapter No. 222 Acts of 1983, the boundary lines including parts of Obion and Lake

Counties as well as the municipalities of Tiptonville and Samburg ("the District").

8. In April of 2012, the Plaintiff was approached by Frederick A. Hamilton ("Hamilton"), then a member of the Board of Directors ("Board") of the Reelfoot Utility, regarding concerns that members of the Board were no longer legally eligible to serve due to failure to receive adequate training pursuant to the Utility Districts Law of 1937 ("UDL") of the State of Tennessee as amended in 2010.

9. Both Plaintiff and Hamilton expressed to members of the Board who were not in compliance with the UDL, namely Chairman of the Board Tim Bunch and Board Members Hazleen Grimes and Jean Tittle their concerns that they were not eligible to serve or would not be eligible for reappointment at the expiration of their current term. Plaintiff and Hamilton also expressed concerns that certain Board members may have been reappointed to their current terms illegally.

10. On July 10, 2012, Plaintiff sent a letter to Joyce Welborn, an employee of the Comptroller of the Treasury, informing her that members of the Board were not in compliance with the UDL, specifically T.C.A. §7-82-307 *et seq.*, and as such may have been ineligible then or in the future to serve on the Board.

11. Plaintiff and Hamilton contacted Pamela G. Vawter of Flippin, Collins & Hill P.L.L.C. ("Vawter"), counsel for Reelfoot Utility, and requested she research the issue of whether current members of the Board were ineligible to serve or would become ineligible in the future due to a lack of training.

12. On August 9, 2012 Plaintiff received an opinion letter from Vawter via E-mail confirming that generally, Board members Grimes, Bunch, and Tittle would not be eligible for reappointment to the board after the expiration of their current term unless they acquired the

requisite training under the UDL. However, Vawter failed to address whether the Board members were eligible to continue to serve their current terms under Tennessee law.

13. Plaintiff and Hamilton continued to remind board members on several occasions that the training requirements under the UDL needed to be met in order for them to be reappointed to the Board.

14. Plaintiff also expressed concerns to the Board that the method by which sewer rates were set in different portions of the district were arbitrary, and potentially a product of bias on the part of certain Board members.

15. After contacting the Tennessee Association of Utility Districts, Plaintiff suggested to Board members that Reelfoot Utility conduct a "rate study" in order to determine a fairer way to set sewer rates. Plaintiff presented the results of this rate study to the Board at a Directors meeting on August 30, 2012.

16. On December 5, 2012 Plaintiff visited the office of the Office Manager of the Reelfoot Utility, Greta Poyner and was confronted by Poyner, Board Member Wayne Hatley, and Chairman Bunch. Plaintiff was informed in this meeting that it was believed he had "something to do" with Hamilton writing letters to various entities such as the Comptroller of the Treasury regarding noncompliance with the UDL and other instances of mismanagement by the Reelfoot Utility Board of Directors.

17. On December 6, 2012 Plaintiff was given a termination letter by Chairman Bunch, ending his employment as District Manager of Reelfoot Utility.

18. Plaintiff avers that his termination as Collection System Manager II of Reelfoot Utility occurred because he investigated and voiced his opinion regarding Board members' failure to comply with the training requirements of the UDL and his insistence that sewer rates

were unfair to the customers of the District. Plaintiff avers this termination was an attempt to silence his speech because Defendants were knowingly engaging in illegal activity.

19.     Plaintiff also avers that this termination was retaliatory because he reported illegal actions being undertaken by Reelfoot Utility and its Board of Directors.

## COUNT I
## FIRST AMENDMENT CLAIMS

20.     Plaintiff incorporates by reference the factual statements contained in paragraphs 4 through 19 of the complaint.

21.     Plaintiff avers that the Defendant Reelfoot Lake Regional Utility and Planning District and each of the other named Defendants, acting separately and/or conspiring together, under color of law, in either or both their individual and official capacities as Directors of the Reelfoot Lake Regional Utility and Planning District, retaliated against the Plaintiff for engaging in speech protected by the First Amendment to the United States Constitution in violation of Plaintiff's rights under said Amendment resulting in the damages listed below.

## COUNT II
## TENNESSEE WHISTLEBLOWERS PROTECTION STATUTE

22.     Plaintiff incorporates by reference the factual statements contained in paragraphs 4 through 19 of the complaint.

23.     Plaintiff avers that the Defendant Reelfoot Lake Regional Utility and Planning District and each of the other named Defendants, acting separately and/or conspiring together, in either or both their individual and official capacities as Directors of the Reelfoot Lake Regional Utility and Planning District terminated his employment in retaliation for the Plaintiff having refused to engage in or remain silent about illegal activities, in violations of his rights under T.C.A. § 50-1-304.

## COUNT III
## VIOLATION OF PUBLIC POLICY OF THE STATE OF TENNESSEE

24. Plaintiff incorporates by reference the factual statements contained in Paragraphs 4 through 19 of the Complaint.

25. Plaintiff avers that the above stated acts, done by individuals acting on behalf of the Defendants, were contrary to the public policy of the State of Tennessee.

26. Plaintiff further avers that the unlawful employment practices complained of herein were intentional and/or done with reckless indifference to his employment rights protected under the public policy of the State of Tennessee.

## COUNT IV
## VIOLATION OF TENNESSEE PUBLIC EMPLOYEE
## POLITICAL FREEDOM ACT OF 1980

27. Plaintiff incorporates by reference the factual statements contained in Paragraphs 4 through 19 of the Complaint.

28. Plaintiff avers that he exercised his rights under the Public Employee Political Freedom Act of 1980 T.C.A. §8-50-603.

29. Defendants violated his rights under the Public Employee Political Freedom Act of 1980 by terminating his employment for communicating with an elected public official as indicated in the preceding Paragraphs.

30. In addition, the Defendants retaliated against Plaintiff due to his exercise of rights under the Public Employee Political Freedom Act of 1980.

31. Plaintiff has been damaged as a result of Defendants' unlawful discriminatory and retaliatory actions taken in violation of the Public Employee Political Freedom Act of 1980.

32. Defendants acted in knowing, intentional, willful, and deliberate disregard of Plaintiff's rights under the Public Employee Political Freedom Act of 1980.

## IV. DAMAGES

33. As a direct and proximate cause of the foregoing deprivations of constitutional freedoms and statutory rights committed by Defendants, Plaintiff has suffered mental anguish, public humiliation, diminished reputation, loss of employment, benefits of employment, and has had to retain legal counsel to defend and prosecute his rights.

## V. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY REQUESTS THAT THE COURT:

a. Declare Defendant's' actions taken against Plaintiff to be in violation of 42 U.S.C. § 1983 and in contravention of the First Amendment to the United States Constitution and the laws of the State of Tennessee.

b. Enter preliminary, and thereafter a permanent injunction enjoining Defendants from engaging in the practices in violation of the United States Constitution complained of herein.

c. Accept jurisdiction of the pendant state claims alleged in the complaint.

d. That Plaintiff be awarded compensatory damages against the Defendants as authorized by 42 U.S.C. § 1983 and state law in the amount to which he shows himself entitled.

e. Award Plaintiff treble damages for the violation of his rights under Public Employee Political Freedom Act of 1980, T.C.A. §8-50-603.

f. Award Plaintiff punitive damages against the Defendants in their individual official and representative capacities.

  g  Award Plaintiff his costs, including a reasonable attorney's fee pursuant to 42 U.S.C. § 1988 and/or the Tennessee Whistleblowers Protection Ac and/or Public Employee Political Freedom Act of 1980.

  h.  Award Plaintiff further relief, general and specific, to which he may be entitled to in the premises.

  i.  Plaintiff demands a jury be impaneled to try this cause.

    Respectfully Submitted,

    WEINMAN & ASSOCIATES

    /s/ Michael L. Weinman_____
    Michael L. Weinman (BPR # 015074)
    Attorney for Plaintiff
    P.O. Box 266
    Jackson, TN 38302
    (731) 423-5565
    mike@weinmanandassoc.com